Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-20637

v.

EDUARDO RHAMSES ALONSO-VERUN
_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

**XX**    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

　　　　**XX**    18 U.S.C. § 3142(f)(1).

　　　　__    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2)**)

*This section does not apply to this case.*

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    **XX**    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

    __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    **XX**    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

*This section does not apply to this case.*

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

    __    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

___   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

**XX**   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically cocaine.  I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 24 years of age, a citizen of Mexico, who possesses a Mexican passport.  The Assistant United States Attorney is not certain whether that passport has been confiscated. The Defendant has been in this country since October 2008, and he was at the time of his arrest living at an address in Saginaw. The Defendant's father lives in Mount Pleasant, however, the Defendant recounted to Pretrial Services that he has had little contact with his father since coming to the United States. The Defendant's mother lives in Mexico.  The Defendant was employed at a Chinese restaurant for approximately 3 years and left that job early June, 2012.   The Defendant recounted to Pretrial Services that since that time he has been living on savings.  The Defendant

conceded to Pretrial Services that he used marijuana for approximately 1 year at age 18, and also admitted to drinking alcohol about three times a week. The sworn affidavit supporting the original criminal complaint in this case indicates said that in late August of this year, a search warrant was executed at the Defendant's residence. In the residence was found approximately 1.7 kilograms, that is, 1737 grams of powder cocaine, $55,850.00, chemicals commonly used to dilute cocaine, digital scales, packaging materials, including packaging materials for kilogram quantities of cocaine, a machine which is believed to be a cocaine hydraulic press, as well as three semi automatic pistols, a .357 magnum caliber revolver. and a 7.62 mm semi automatic rifle.

     The defense proffers that the Defendant has a no prior criminal history, a matter which appears to be borne out by the Pretrial Services report. Counsel for Defendant also proffers that the Defendant's fiancé constitutes a substantial tie to this area. The Assistant United States Attorney proffers that the Defendant has traveled to Mexico more than once since coming to this country, and that at the time of his arrest, he was in the process of arranging for the illegal entry a friend into the United States. According to the Assistant United States Attorney, the Defendant was prepared to spend a substantial sum of money to do so.

     In weighing the applications of the standards of the Bail Reform Act to this case, I note that several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley,* No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL

4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Moreover, in light of the Defendant's lack of meaningful employment, his almost complete lack of ties to this community, and, in fact to this country, coupled with his possession of a foreign passport, I conclude that the potential for mandatory life imprisonment, if convicted on Count II, gives the Defendant an essentially irresistible desire to flee, if allowed the opportunity.

As I weigh these facts under the Bail Reform Act, I first conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I next conclude that, in the event the presumption in favor of detention has been rebutted, in light of the Defendant's complete lack of any meaningful ties to this country, and the fact that he now faces the possibility of life imprisonment, there are no conditions nor any combination of conditions which would reasonably assure either the safety of the community or Defendant's appearance at court hearings as required. Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                          s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: September 28, 2012                  United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Order was electronically filed this date, electronically served on Anca Pop and Jeffrey Rupp, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: September 28, 2012          By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder